# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-3221

———————————————

United States of America

*Plaintiff - Appellee*

v.

Sir-Frank William Nelson, III

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Western

——————————

Submitted: October 19, 2023
Filed: December 14, 2023
[Unpublished]

——————————

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Late one night, police officers arrived at the scene of a suspected car crash between a black car and a white car. The black car drove off quickly, and the white car's driver told the officers that there had been no collision, despite visible damage. The officers noticed several violations of state law and radioed for a warrant check on the people in the car, including Rodonus Echols and Sir-Frank Nelson.

More officers then arrived on scene. They had been responding to a call at a nearby club about a black man in a black SUV waving around an AR-15 when they overheard the radio request about Echols and Nelson. They thought that Echols and Nelson may have been involved in the AR-15 incident. After all, the suspected car crash was about two blocks from the club in an area known for gun violence, Echols and Nelson partially matched the limited description of the man with the AR-15, and the officers knew that they both were associated with a gang and had been convicted of a federal gun offense. At the scene, Detective Northup asked Nelson to step out of the car. He had decided to pat Nelson down for officer safety but did not tell him that. When Nelson stepped out of the car, he turned around and raised his arms. Detective Northup patted him down and found a gun.

The Government charged Nelson with being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), and Nelson moved to suppress the gun. The district court[1] denied his motion after concluding that Detective Northup had reasonable suspicion that Nelson was armed and dangerous.[2] Nelson then pleaded guilty but reserved his right to appeal the suppression ruling.

We review *de novo* whether Detective Northup had reasonable suspicion that Nelson was armed and dangerous. United States v. Roelandt, 827 F.3d 746, 748 (8th Cir. 2016). After lawfully stopping someone, "an officer may conduct a pat-down search for weapons" if he has a "reasonable, articulable suspicion" that the person is "armed and dangerous." United States v. Houston, 920 F.3d 1168, 1172 (8th Cir. 2019). In determining whether an officer had reasonable suspicion, we use an objective test that considers the totality of the circumstances. United States v. Preston, 685 F.3d 685, 689 (8th Cir. 2012). An officer may pat someone down when

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa, adopting the report and recommendation of the Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.

[2]The district court also denied his motion on the ground that he had consented to the pat-down. We affirm on reasonable suspicion alone, so we pass no judgment on the court's finding of consent.

a "reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." United States v. Horton, 611 F.3d 936, 941 (8th Cir. 2010) (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)).

Detective Northup had reasonable suspicion that Nelson was armed and dangerous. Nelson had gotten in what appeared to be a car crash about two blocks from the club where a black man had waved around an AR-15. Detective Northup knew that Nelson partially matched the limited description of that man, had been suspected of several shootings, was associated with a gang responsible for gun violence, and was known to carry weapons and resist arrest. What is more, the officers were dealing with three men late at night in an area known for gun violence, and all three men were acting suspiciously. In these circumstances, Detective Northup had reasonable suspicion that Nelson was armed and dangerous and so was justified to pat him down for officer safety. See Roelandt, 827 F.3d at 748–49 (gang affiliation and high-crime area contribute to reasonable suspicion); United States v. Quinn, 812 F.3d 694, 698 (8th Cir. 2016) (reacting "suspiciously," partially matching description of suspect, and being close in time and place to crime support reasonable suspicion); United States v. Roggeman, 279 F.3d 573, 578 (8th Cir. 2002) (facts that go to officer safety, such as when the stop took place, are part of the totality of the circumstances). The district court properly denied Nelson's motion to suppress the gun that Detective Northup found during the pat-down.

We affirm the district court's judgment.

_____